UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSE AGUILAR, | ) |
|         Petitioner, | ) |
| v. | ) No. 1:19-cv-04455-JMS-DLP |
| WARDEN, | ) |
|         Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana Department of Correction (IDOC) inmate Jose Aguilar petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number CIC 17-12-0324. For the reasons explained in this Order, Mr. Aguilar's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B.     The Disciplinary Proceeding

On December 20, 2017, following an investigation by IDOC's Investigations and Intelligence into allegations of inmate drug trafficking, Mr. Aguilar was charged with violating the IDOC's Adult Disciplinary Code offense A-100 – violation of law. Dkt. 8-1. During the investigation a search of Mr. Aguilar's property was conducted on December 1, 2017, in which suspected methamphetamine was found. Investigator A. Mills wrote the Report of Conduct which provides:

> On 12/1/2017 at approx. 7:15 am, I, Investigator A. Mills conducted a search of property belonging to Offender Aguilar, Jose 2750051 (30B-2A). While conducting this search, I discovered 3 small packages hidden within a black desk fan. Upon opening and inspecting the packages, I discovered that 2 of them contained a white crystal substance. The 3rd package contained a piece of white notebook paper. I conducted field tests for Methamphetamine on each of the white crystal substances found in 2 of the packages. Both field tests indicated that the white crystal substance was Methamphetamine. During a recorded interview with Offender Aguilar on 12/5/2017, he admitted that the black desk fan was his. He indicated that he had the desk fan for the past three years. When asked about the contraband located inside, he claimed that he found it on the floor in recreation. Possession of Methamphetamine is a violation of Indiana State Law (IC 35-48-4-6.1 Possession of Methamphetamine) therefore places Offender Aguilar in violation of ADP Code A-100 "Violation of Law".

Dkt. 8-1 [sic].

Mr. Aguilar was notified of the charge on January 2, 2018, when he received the Screening Report. Dkt. 8-6. He pled not guilty to the charge, and he did not ask for either witnesses or physical evidence. *Id.*

A hearing was held on January 19, 2018. Dkt. 8-7. Mr. Aguilar's statement to the hearing officer was "It was my fan. . . . I don't sell drugs. I found it during rec time." *Id.* He also asked for the charge to be dropped to a B202 (possession or use of a controlled substance). The hearing officer considered Mr. Aguilar's statement, the staff reports, and the Investigations and Intelligence report (filed *ex parte* in this action, *see* dkt. 9) and found Mr. Aguilar guilty of the charged

2

disciplinary offense. The sanctions imposed included a one-hundred-eighty-day earned-credit-time deprivation and a credit class demotion. *Id.*

Mr. Aguilar did not make an appeal to the Facility Head and instead wrote to the IDOC Final Reviewing Authority. Dkt. 8-8. The Final Reviewing Authority declined to consider his appeal because it found no evidence of a facility-level appeal. *Id.* Mr. Aguilar then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Warden has responded and asserts that Mr. Aguilar did not exhaust his administrative appeals and his claims are procedurally defaulted. Dkt. 8 at 6. Mr. Aguilar has not filed a reply.

### C. Analysis

The undisputed evidence is that Mr. Aguilar did not present a timely appeal to the Facility Head (the Warden), and therefore the Final Reviewing Authority could not consider his appeal. Dkt. 8-8. There is no evidence that the appellate process was unavailable to Mr. Aguilar. It is not necessary, therefore, to set out Mr. Aguilar's grounds for relief.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The consequence of the failure to exhaust administrative appeals is that habeas corpus relief cannot be granted on any defaulted ground for relief. Because there are no grounds for relief that have been exhausted, the petition must be, and is, **denied**, and this case is **dismissed**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge,

disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Aguilar to the relief he seeks. Moreover, Mr. Aguilar failed to exhaust his administrative remedies and therefore his grounds for relief cannot be considered on their merits. Accordingly, as noted above, Mr. Aguilar's petition for a writ of habeas corpus is **denied** and this action is **dismissed**. Final judgment consistent with this Order shall now enter.

    **IT IS SO ORDERED.**

Date: 9/10/2020

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Jose Aguilar
207055
Pendleton - Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

Benjamin Myron Lane Jones
Indiana Attorney General
benjamin.jones@atg.in.gov